HALL RATTERMAN OIL CO v
TAXICABS OF CINCINNATI, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 4287. Decided April 3, 1933

Mallon, Vordenberg & Marble, Cincinnati, for plaintiff in error.

Freiberg & Simmonds, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The theory of the plaintiff in error seems to be that the gasoline and oil contract was an asset of the Taxicab Company, and the assets of this company having been purchased by the defendant in. error, it is bound to accept *liability* under a *contract* which it still stoutly maintains is an asset.

Even if the contract under which the assets of the Taxicab Company were purchased could be considered an assignment of the contract, the law is well settled that the mere assignment of a contract for filling requirements can not automatically place liability upon the assignee to fill his requirements in the absence of a direct agreement to this effect. 2 R.C.L., p. 625, §34.

Even if such were not the law, a glance at the application of the contract to the new conditions created by the taking over of the Zumstein business is sufficient in itself to show that there can be no liability upon the defendant in error.

For what cabs was the gasoline and oil to be furnished? Were the requirements limited to the cabs originally owned by the Zumstein Company, or were these extended to all the cabs owned by the defendant in error? The number in the latter case was about twice the number owned by the Zumstein Company. Were the requirements affected by disuse and replacement of the Zumstein cabs?

It is obvious that the contract would not be forced upon the defendant in error.

It is claimed that the court committed error in excluding evidence of other contracts between the Zumstein Company and others, which the defendant in error saw fit to assume and carry out. Obviously such evidence can in no way serve to show that the defendant in error had assumed liability under the specific contract.

The verdict was properly instructed and the judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.